**In re Enock SANON, Debtor.**

**No. 9:08–bk–14809–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Feb. 11, 2009.

16. *Id.*

Michael J. Rich, Fort Myers, FL, for Debtor.

### *ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION* (Doc. No. 18)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case of Enock Sanon (the Debtor) is Trustee's Objection to Debtor's Claim of Exemption (Doc. No. 18). The Objection is based on the contention of Robert E. Tardif, Jr., the Chapter 7 Trustee (Trustee), that the Debtor seeks to use the wildcard exemption because he does not claim his real property as exempt, he is receiving the benefit of a homestead exemption and, therefore, is claiming more than what is provided for pursuant to the applicable provisions of Section 4, Article X of the Florida Constitution. Specifically, the issue presented to this Court is whether a debtor may seek to exempt $5,000 in personal property, utilizing both the $1,000 constitutional exemption and the enhanced $4,000 Statutory Personal Property Exemption of Florida Statutes Section 222.25(4) (Statutory Exemption), if the non-filing spouse owns the home in which the debtor resides and the debtor does not claim or "receive the benefits" of the homestead exemption provided for by the Florida Constitution.

The underlying facts relevant to the Trustee's Objection were heard at the initial hearing to consider the same, are without dispute and, therefore, it is appropriate to consider the merits of the Objection without the necessity of a formal evidentiary hearing.

The following facts controlling the issue are summarized as follows:

On September 6, 2008, the Debtor filed his Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. The Debtor scheduled his Fee Simple real property located at 5019 4th Street West,

Lehigh Acres, Florida 33971 (4th Street Property), on his Schedule A—Real Property. The Debtor's Statement of Financial Affairs indicates that Debtor resided at the 4th Street Property from April 2005 through August 2008. The Debtor's Schedule D reflects that there are two mortgages on the 4th Street Property. The first mortgage is held by Chase Manhattan Mortgage and the second by Ocwen Loan Servicing L. According to the Debtor, the total debt owed on the 4th Street Property exceeds the current property value and, therefore, the Debtor's Chapter 7 Individual Debtor's Statement of Intention indicates the Debtor's desire to surrender the property.

The record reveals that the Debtor's current address is 4303 17th Street SW, Lehigh Acres, Florida 33970 (17th Street Property). It is the Debtor's contention that the 17th Street Property was owned by his non-filing spouse, and she was the sole owner of the property when the Debtor filed his Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. This Court notes that there is nothing in this record that indicates that the Debtor ever had or now has any cognizable legal or equitable ownership in the 17th Street Property. In addition to the foregoing, the Debtor is not claiming the 17th Street Property as his homestead and the Debtor is not seeking the constitutional protection nor is the Debtor claiming or receiving the benefits of homestead exemption under Section 4, Article X, of the Florida Constitution available to owners of residential homes in this State.

It is without dispute that the Debtor was a married man when he filed his Petition for Relief. In addition, the record is clear that the Debtor lived with his non-filing spouse in the residence which the Debtor's non-filing wife owned fee simple. The Trustee concedes that the Debtor has no present cognizable legal or equitable interest in his non-filing wife's residence, but contends that the property is not subject to testamentary disposition pursuant to Section 4(c), Article X, of the Florida Constitution.

Article X of the Florida Constitution provides in pertinent part, as follows:

Section 4. Homestead; exemptions

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead, . . .

. . .

(b) These exemptions shall inure to the surviving spouse or heirs of the owner.

(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. . . .

Fla. Const. art. X, § 4.

■ As noted above, the Trustee contends that pursuant to Section 4(c) of the Florida Constitution, if a debtor resides in a home with his or her non-filing spouse who holds title to the property fee simple, the debtor has no present cognizable legal or equitable interest in the property. However, if the debtor's non-filing spouse

dies, the homestead cannot be devised to anyone other than the surviving spouse and, therefore, a debtor receives the homestead protection guaranteed by the Florida Constitution. It is the Trustee's contention that the Debtor has the power to prevent the conveyance or mortgaging of the property and, therefore, he receives the benefit of the homestead exemption and should be precluded from claiming the enhanced personal property exemption pursuant to Florida Statutes § 222.25(4).

It is clear to this Court that the proposition of the Trustee is far fetched and based on mere speculation. There is nothing in this record which would warrant the potential death of a non-filing spouse to be considered. It is elementary and beyond peradventure that only properties which are properties of the Debtor's estate may be claimed under Section 522 of the Bankruptcy Code as exempt. Pursuant to Section 522(b)(1) of the Bankruptcy Code, "an individual debtor *may* exempt from property of the estate" various items under either the state or federal scheme of exemptions. 11 U.S.C. § 522(b)(1) (emphasis added).

As previously noted, that Debtor's acquisition of his non-filing spouse's residence in the event that the non-filing spouse dies, is nothing more than a mere possibility suggested by the Trustee. The contentions of the Trustee are not based on actual or real cognizable facts that are sufficient to support his allegations that the Debtor is receiving the benefits of the Florida Homestead Exemption.

In the case of *In re Franzese*, 383 B.R. 197 (Bankr.M.D.Fla.2008), the debtor and his non-filing spouse own a home as tenants by the entirety. *Id.* at 200–01. The court held that pursuant to Section 522(b)(3)(A), the relevant date for determining exemptions is the date the debtor files its petition for relief. *Id.* at 203.

Further, the court held that a debtor may only claim the Statutory Exemption if the debtor surrenders the homestead. *Id.* at 206. The Statutory Exemption became effective on July 1, 2007, prior to the Debtor filing his Petition for Relief.

Florida Statute § 222.25(4)(2007) provides in pertinent part, as follows:

**222.25 Other individual property of natural persons exempt from legal process.**—The following property is exempt from attachment, garnishment, or other legal process:

(4) A debtor's interest in personal property, **not to exceed $4,000,** if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution. This exemption does not apply to a debt owed for child support or spousal support. (emphasis added).

 "[W]hen interpreting Florida exemption statutes, the court should 'begin with the basic proposition that exemptions are to be construed liberally in favor of providing the benefits of the exemptions to debtors,' because such liberal interpretation would 'best accord with the public benefit.'" *In re Hafner*, 383 B.R. 350 (Bankr.N.D.Fla.2008).

 The Debtor in the current case before this Court is not claiming or otherwise receiving the benefits of the Florida Constitutional homestead exemption under Section 4, Article X of the Florida Constitution and, as a result, the Debtor is entitled to a $4,000 personal property exemption as contained in Fla. Stat. § 222.25 (2007).

Fla. Stat. § 222.25(4) provides that the a debtor is entitled to the $4,000 personal property exemption "if the Debtor does not claim or receive the benefits of a homestead exemption under Section 4, Ar-

ticle X of the Florida Constitution." The plain language of Fla. Stat. § 222.25(4) allows a debtor a $4,000.00 personal property exemption under Florida law, so long as the debtor is not taking advantage of the homestead exemption pursuant to Section 4, Article X of the Florida Constitution. Since the Debtor is not relying upon the Florida Constitutional homestead exemption to retain a home, he is entitled to claim the $4,000 Statutory Exemption.

In the case of *In re Hernandez*, 2008 WL 1711528 (Bankr.S.D.Fla.2008), the debtor listed personal property exemptions in excess of $5,000.00 and the trustee objected alleging that the Statutory Exemption of § 222.25(4) was not applicable to the debtor because he listed his home as exempt as tenants by the entireties (TBE) property. Alternatively, the trustee argued that because the non-debtor spouse did not waive her right to assert her constitutional exemption the debtor continued "receiving the benefits" of the homestead and, thus, disqualifies him even if he didn't "claim" the homestead as an exemption on his schedules.

The *Hernandez* court rejected the trustee's first argument because nothing in the statute precludes a debtor from exempting TBE property and the Statutory Exemption at the same time, but took the second issue under consideration. The trustee urged the court to adopt a bright line rule in which any debtor entitled to the constitutional protection on the filing date would be excluded form the Statutory Exemption, unless the debtor is surrendering the house.

In *Hernandez* the court took a narrow view on the "receive the benefits" of exclusion and interpreted it to mean the right of protection against execution efforts by outsiders against the home. The court also found that the relevant time for determining whether a debtor "receives a benefit" is the date that the petition is filed. *Id.* at *5. Furthermore, the court emphasized that "the fact that the debtor could use the constitutional protection in the future is irrelevant." *Id.*

Based on the foregoing this Court is satisfied that the Debtor, Enock Sanon, did not "receive the benefits" of the constitutional exemption and, accordingly, he is entitled to claim both the $1,000 constitutional exemption and the $4,000 enhanced personal property exemption pursuant to Section 222.25(4), Florida Statutes. Thus, the Trustee's Objection to the Debtor's Claim of Exemption should be overruled.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to the Debtor's Claim of Exemption (Doc. No. 18), be, and the same is hereby overruled.

ORDERED, ADJUDGED AND DECREED that the Debtor, Enock Sanon, is entitled to claim personal property exemptions totaling $5,000 pursuant to Article X, Section 4 of the Florida Constitution which provides for $1,000 and the $4,000 Statutory Personal Property Exemption provided for by Florida Statute § 222.25(4).